ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| FAUSTINO GARCÍA RIVERA <br><br> Peticionario <br><br> v. <br><br> HARRISON TYLER HINES <br><br> Recurrido | **KLCE202500154** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina <br><br> Civil Núm.: CA2023CV03655 <br><br> Sobre: Desahucio por falta de pago |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico a 26 de marzo de 2025.

Comparece ante este foro el Sr. Faustino García Abislaimán (señor García Abislaimán o "el peticionario") y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 16 de enero de 2025. Mediante el referido dictamen, el foro primario denegó la solicitud de intervención presentada por el peticionario.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** expedir el auto de *certiorari.*

### I.

El 14 de noviembre de 2023, el Sr. Faustino García Rivera (señor García Rivera o "el recurrido"), presentó una *Demanda* sobre desahucio y cobro de dinero en contra del Sr. Harrison Tyler Hines (señor Hines).[1] En esencia, alegó que suscribió un contrato de arrendamiento con el

---

[1] *Demanda*, anejo I, págs. 1-6 del apéndice del recurso.

Número Identificador
RES2025 _____

señor Hines sobre el apartamento localizado en: 7 Calle Amapola, Cond. Playa Esmeralda, PH2, Carolina, PR 00979, asimismo, enfatizó que el inmueble le pertenecía. Añadió que, el contrato tenía vigencia hasta el 1 de noviembre de 2024, con un canon de arrendamiento de $8,000.00 dólares mensuales. No obstante, arguyó que el señor Hines dejó de pagar el canon de arrendamiento correspondiente, por lo que, solicitó su desalojo y la suma de $10,746.90, más el pago de costas, intereses, gastos y honorarios de abogados.

En respuesta, el 7 de diciembre de 2023, el señor Hines presentó su *Contestación a Demanda y Reconvención*.[2] Mediante esta, reconoció que el recurrido era el arrendador de la propiedad. Sin embargo, alegó que el señor García Rivera incumplió con lo pactado en el contrato de arrendamiento, al no brindarle un espacio que pudiera disfrutar a cabalidad. A su vez, que no cumplió con su deber de notificar por escrito el alegado incumplimiento de pago, ni le brindó espacio para corregirlo. Por ello, presentó una *Reconvención* y solicitó al foro primario que dictara sentencia declaratoria determinando que el recurrido había incumplido con el contrato de arrendamiento. A su vez, que le impusiera una suma no menor de $20,000.00 en concepto de daños por verse impedido de disfrutar la propiedad según lo pactado. Además, solicitó la imposición de interés legal presentencia, costas y honorarios de abogados.

---

[2] *Contestación a Demanda y Reconvención*, anejo II, págs. 7-24 del apéndice del recurso.

El 21 de diciembre de 2023, el señor García Rivera presentó su *Réplica a Reconvención*.[3]

Luego de varias incidencias procesales, el 24 de octubre de 2024, el señor García Abislaimán presentó dos mociones. La primera, una *Solicitud de Intervención*[4] y la segunda, la *Demanda de Intervención*.[5] En esencia, alegó que el inmueble objeto de la acción de desahucio, realmente le pertenece a la comunidad post ganancial existente entre la Sra. Dagmar María Rivera Dávila y él.[6] Por ello, sostuvo que el dinero en concepto de rentas por el alquiler del apartamento le pertenece a la comunidad de bienes post ganancial, al ser ellos los verdaderos titulares del inmueble.

En respuesta, el 12 de noviembre de 2024, el señor García Rivera presentó su *Oposición a "Solicitud de Intervención"*.[7] Mediante esta, indicó que el señor García Abislaimán pretendía adelantar reclamos que se encontraban ante la consideración de otras salas del foro primario, por lo que, su intervención solo dilataría los procedimientos del caso. Sostuvo que, la controversia del caso de autos no gira en torno a la titularidad del inmueble, por lo que, el alegado interés del peticionario no se vería afectado. A su vez, reiteró que dicho pleito es sólo entre las partes contratantes.

El 27 de noviembre de 2024, el señor García Abislaimán presentó una *Réplica a las Oposiciones a*

---

[3] *Réplica a Reconvención*, anejo III, págs. 25-28 del apéndice del recurso.
[4] *Solicitud de Intervención*, anejo IV, págs. 29-32 del apéndice del recurso.
[5] *Demanda de Intervención*, anejo V, págs. 33-39 del apéndice del recurso.
[6] Esbozó que, la propiedad se encuentra sujeta a ser adjudicada en el pleito de liquidación, GB2018CV00033. Además, que la titularidad está dilucidándose en el caso CA2022CV01196.
[7] *Oposición a "Solicitud de Intervención"*, anejo VII, págs. 41-47 del apéndice del recurso.

*Solicitud de Intervención*.[8] En esta, reiteró que en su función de administrador de la comunidad post ganancial, es la parte legitimada para proseguir con la causa de acción, puesto que, todas las rentas y frutos generados por el alquiler del apartamento pertenecen a dicha comunidad post ganancial. Añadió que, su interés en intervenir en el pleito era buscar impedir un enriquecimiento injusto por parte del recurrido.

Evaluadas las mociones presentadas, el 16 de enero de 2025, el foro primario notificó la *Orden* recurrida.[9] Mediante la cual, denegó la solicitud de intervención presentada por el señor García Abislaimán.

En desacuerdo, el 22 de enero de 2025, el peticionario presentó una solicitud de reconsideración.[10] Sin embargo, el 13 de febrero de 2025, el foro primario mediante *Orden*, la declaró *No Ha Lugar*.[11]

Aun inconforme, el señor García Abislaimán instó el recurso de epígrafe y señaló la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR SIN LUGAR LA SOLICITUD DE INTERVENCIÓN, A PESAR DE QUE SE DEMOSTRÓ QUE EL BIEN INMUEBLE OBJETO DEL DESAHUCIO NO PERTENECE AL DEMANDANTE, Y ES EL INTERVENTOR QUIEN TIENE UN DERECHO SOBRE EL MISMO POR PERTENECER A LA COMUNIDAD DE BIENES POST-GANANCIAL EXISTENTE ENTRE EL COMPARECIENTE GARCÍA ABISLAIMÁN Y LA SRA. DAGMAR MARÍA RIVERA DÁVILA, SEGÚN ESTIPULADO POR LAS PARTES Y DETERMINADO POR EL CONTADOR PARTIDOR, EL LCDO. JORGE AZIZE.

---

[8] *Réplica a las Oposiciones a Solicitud de Intervención*, anejo VIII, págs. 48-55 del apéndice del recurso.
[9] *Orden*, anejo X, pág. 56 del apéndice del recurso.
[10] *Urgente Solicitud de Reconsideración de Orden dictada el 16 de enero de 2025*, anejo XI, págs. 57-64 del apéndice del recurso.
[11] *Orden*, anejo XV, pág. 118 del apéndice del recurso.

El 4 de marzo de 2025, el señor García Rivera presentó su *Memorando en Oposición a la Expedición del Auto de Certiorari*.

Con el beneficio de la comparecencia de las partes, damos por sometido el asunto y procedemos a resolver.

**II.**

**-A-**

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023), citando a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Foro para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57

o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de certiorari. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." *Scotiabank v. ZAF Corp. et al.*, supra, págs. 486-487; *Mun. De Caguas v. JRO Construction*, supra.

### III.

En el caso de autos, el señor García Abislaimán solicita que revoquemos la *Orden* emitida por el foro primario denegando su solicitud de intervención. Señala que, no solicita intervenir para reclamar derechos del contrato de arrendamiento, sino recuperar la posesión de un bien inmueble que le pertenece a la comunidad post ganancial. Por lo que, su reclamo busca impedir un enriquecimiento injusto por parte del recurrido e impedir que obtenga indebidamente la posesión de la propiedad inmueble.

De otra parte, el señor García Rivera sostiene que no procede la intervención del peticionario, ya que, éste no tiene ningún derecho o interés que pueda quedar afectado con la disposición del caso. Asimismo, plantea que el señor García Abislaimán "intenta intervenir en el pleito con la finalidad de litigar de forma paralela en múltiples pleitos su planteamiento de interés en la titularidad del inmueble." Por ello, reiteró que la intervención del peticionario solo redundaría en la dilación de los procedimientos.

Luego de analizar la totalidad del expediente, a tenor con la normativa jurídica previamente pormenorizada y la Regla 40 del Reglamento de este Tribunal, *supra*, somos del criterio que no hay razón para que este Tribunal expida el recurso presentado. No identificamos que estuviera presente algún factor de los enunciados en la Regla 40 de nuestro Reglamento, *supra*, para determinar la expedición del auto discrecional del *certiorari*. No nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad por parte del foro recurrido o que la expedición del auto evite el fracaso de la justicia, por lo que, procede denegar el mismo.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** el recurso de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones